UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 18-47-JMH-CJS

ALLEN GREY                                                                                           PETITIONER

v.                            **REPORT AND RECOMMENDATION**

AARON SMITH, WARDEN                                                                    RESPONDENT

\* \* \* \* \* \* \* \* \* \*

On February 1, 2018, Petitioner Allen Grey ("Grey" or "Petitioner"), an inmate currently incarcerated in the Kentucky State Reformatory, LaGrange, Kentucky, filed a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.[1] (*See* R. 1). Consistent with local practice, the matter has been referred to the undersigned for initial consideration and a report and recommendation. For the reasons set forth herein, it will be **recommended** that the District Court **dismiss** Grey's Petition for a Writ of Habeas Corpus.

I.     **PRELIMINARY REVIEW STANDARD**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts allows a federal district court to conduct a preliminary review prior to serving a respondent with a copy of a petition and requiring a response.[2] Rule 4 specifically instructs trial courts that "[i]f it

---

[1] Although the Clerk of Court received and docketed the Petition on February 6, 2018, it is deemed filed on the date Petitioner deposited it in the institution's internal mailing system. *See* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts; *see also Houston v. Lack*, 487 U.S. 266, 273 (1988). Here, applying the prisoner mailbox rule, the Court deems the Petition to have been filed on February 1, 2018—the date that the *pro se* Petition was signed by Petitioner. (*See* R. 1, at 15).

[2] District courts are permitted to consider *sua sponte* the timeliness of a state prisoner's habeas petition, so long as a petitioner is provided notice and an opportunity to show why the limitation does not bar the petition. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). It is unclear whether notice is required

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Because preliminary review reveals that the Petition in this case is time-barred under the applicable statute of limitations, Rule 4 mandates that it be dismissed without requiring a formal response.

## II. PROCEDURAL BACKGROUND

On February 7, 2003, Grey was involved in an altercation outside of a club in Lexington, Kentucky.[3] *See Grey v. Commonwealth*, 2005-SC-590, 2007 WL 1532661 (Ky. May 24, 2007); *Grey v. Commonwealth*, 2013-CA-806, 2014 WL 3406678 (Ky. Ct. App. July 11, 2014). During the altercation, someone fired several shots. *Grey*, 2007 WL 1532661, at *1. Upon hearing the shots being fired, Grey produced a handgun and fired thirteen shots into the crowd, killing one person and injuring three others. *Id. See also Grey v. Commonwealth*, 2009-CA-2381, 2011 WL 3759543 (Ky. Ct. App. Aug. 26, 2011). After the shooting, Grey threw his handgun into a local reservoir. *Grey*, 2007 WL 1532661, at *1.

Grey was indicted by a Fayette County Grand Jury on April 28, 2003; following a jury trial, Grey was convicted of wanton murder under KRS § 507.020, three counts of assault in the

---

[2](…continued)
for Rule 4 "screening" dismissals, but the issue need not be decided given that this Report and Recommendation provides the requisite notice and allows for objections. *See Yeager v. Hudson*, 3:07-cv-131, 2008 WL 818788, at *10 (N.D. Ohio Mar. 24, 2008) (noting that the petitioner received notice of the petition's untimeliness through the magistrate judge's report and recommendation, and had the opportunity to be heard regarding objections to the recommendation).

[3] A copy of the docket sheet for Petitioner's underlying state court action was obtained from the Circuit Court of Fayette County, Kentucky. The underlying information and dates referred to in the instant Report and Recommendation were obtained either from review of the Fayetteville County Circuit Court's docket sheet, or state court opinions relating to Petitioner's state appellate proceedings, which decisions were obtained from Westlaw. *See infra*.

2

fourth degree under KRS § 508.030, and tampering with physical evidence under KRS § 524.100. *Id.* On June 29, 2005, Grey was sentenced to 38 years of imprisonment. *Id.*

On May 24, 2007, the Supreme Court of Kentucky affirmed on direct appeal. *See Grey*, 2007 WL 1532661, at *1. In its opinion affirming Grey's conviction, the Supreme Court of Kentucky rejected Grey's contention that the trial court erred in overruling defense counsel's motion for a mistrial based upon lost or destroyed evidence.[4] *Id.* The Kentucky court also rejected Grey's argument that the trial court erred in denying defense counsel's motion for a directed verdict based upon Grey's contention that a third unidentified shooter could have been the person who assaulted the victims. *Id.* at 2. Finally, the Supreme Court of Kentucky rejected Grey's argument that the wanton murder instruction was error based upon Grey's assertion that he fired his handgun into the crowd in self-defense. *Id.* at *2-3.

On December 20, 2007, Grey filed a motion for collateral relief pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42, which was denied by the state trial court. *See Grey*, 2011 WL 3759543. Subsequently on August 26, 2011, the Kentucky Court of Appeals affirmed in part, reversed in part, and remanded, directing the Fayette Circuit Court to conduct an evidentiary hearing on the issue of trial counsel's effectiveness at sentencing. The Kentucky Court of Appeals rejected Grey's argument that his trial counsel was ineffective for failing to interview and present certain witnesses at trial, but remanded and instructed the trial court to conduct an evidentiary

---

[4] During a bench conference following the close of evidence on the last day of trial, the Commonwealth had revealed that a small caliber bullet was found a few days after the shooting on top of a three-story building near the crime scene. *See Grey*, 2007 WL 1532661, at *1. The building was located directly behind where Grey testified he stood during the altercation. *Id.* The bullet had been turned into the property room at the Lexington Police Department under another case number and was subsequently destroyed. *Id.* The Supreme Court of Kentucky determined that a mistrial was not warranted when Grey did not present "any evidence other than mere speculation, that the bullet had any exculpatory value" and there was no evidence of bad faith on the part of the Commonwealth. *Id.*

3

hearing on the issue of whether Grey's trial counsel was ineffective for failing to present mitigating evidence at sentencing. *Id.* at *1-2.

The Fayette Circuit Court held an evidentiary hearing on remand from the Kentucky Court of Appeals on December 4, 2012, and again denied Grey's request for relief under RCr 11.42 on April 3, 2013. The Kentucky Court of Appeals affirmed the trial court's determination on July 11, 2014. *See Grey*, 2014 WL 3406678. Grey did not seek a further appeal and the Court of Appeals' decision became final on August 11, 2014. *See* Ky. RCr. 12.02; Ky. CR 76.30.

Over three years later, on February 6, 2018, Grey filed a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 with this Court, seeking reversal or dismissal of his Kentucky conviction and sentence. (*See* R. 1, at 15). In his Petition, Grey raises numerous grounds for relief, many of which are not clearly defined and overlap with one another. First, Grey raises 18 contentions of ineffective assistance of counsel, most of which essentially allege in general terms that Grey's trial counsel did not actively investigate or defend Grey's underlying criminal case.

Next, Petitioner Grey raises multiple obscure claims of state court error. Grey also contends that the trial court erred in failing to disqualify itself from presiding over his 11.42 post-conviction proceedings on remand, because the trial court had rejected in its previous written opinion Petitioner's claim of actual innocence and was therefore "biased/prejudiced" against him. Further, Grey claims that the trial court erred in denying his claim of actual innocence. Apparently in support of this claim for relief, Grey asserts that "Jury/Witnesses saw Mr. Grey['s] name and picture" in the media and "this cause[d] mistaken identifications, coerced confessions and snitches." (R. 1-1, at 8). Grey, in vague terms, asserts the justification of self-defense under KRS § 503.050. Grey also asserts that "another person may have been shooting," pointing to the testimony of the Government's expert at trial, who was allegedly unable to say whether the bullets

4

extracted from the victim came from a 9mm handgun like the type used by Grey. Additionally, Grey asserts a due process violation because he was allegedly in the federal witness protection program at the time of the shooting, but "[t]he Federal Court denied any help to Mr. Grey[.]" (*Id.* at 14).

Finally, echoing his assertions on appeal, Grey raises numerous claims based upon the Lexington Police Department's destruction of allegedly exculpatory evidence. Grey asserts that the Commonwealth's destruction of the evidence constituted improper tampering with evidence under KRS § 524.100, and the trial court erred in failing to grant a mistrial and later denying Grey's 11.42 motion without conducting an evidentiary hearing on this issue. Finally, based upon this evidence, Grey asserts that the trial court erred in failing to direct a verdict on the charges of wanton murder and on the three assault charges.

As the Sixth Circuit has previously advised, a § 2254 petition is "the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody[.]" *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)). Although Grey's § 2254 Petition is the proper means through which a prisoner may seek federal habeas relief, for the reasons set forth below, his Petition does not survive preliminary review.

### III. ANALYSIS

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner generally has only one year in which to file a federal petition for writ of habeas corpus. *See* 28 U.S.C. § 2244(d). The AEDPA statute of limitations begins to run from the latest of four circumstances:

5

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The circumstance applicable here is "the due date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). This one-year period of limitations is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

    In the case at bar, on June 29, 2005, the trial court entered judgment and sentenced Grey to a total term of 38 years of incarceration. Under Kentucky law, Grey had thirty days to appeal and timely filed his Notice of Appeal on July 27, 2005. *See* Ky. RCr. 12.04(3). The one-year period of limitations was tolled during the time Grey pursued his direct appeal. On May 24, 2007, the Supreme Court of Kentucky affirmed the underlying judgment. The statute of limitations began to

6

run on August 22, 2007, the expiration of the ninety-day time period for Grey to seek certiorari with the U.S. Supreme Court.  *See* Rule 13, Rules of the Supreme Court of the United States.

On December 20, 2007, 120 days after his limitations period began to run, Grey filed a motion seeking post-conviction relief pursuant to RCr. 11.42.  On July 11, 2014, the Kentucky Court of Appeals affirmed the trial court's rejection of his 11.42 Motion.  *See Grey*, 2014 WL 3406678.  Grey did not seek a further appeal and the Court of Appeals' decision became final on August 11, 2014.  *See* Ky. RCr. 12.02; Ky. CR 76.30.  The time period during which a properly filed application for state collateral, post-conviction relief is pending tolls the limitations period.  *See* 28 U.S.C. § 2244(d)(2).  Thus, Grey's limitation period was tolled until August 11, 2014, when the Kentucky Court of Appeals' decision affirming the trial court's order denying Grey's 11.42 Motion became final and Grey did not seek discretionary review from the Supreme Court of Kentucky.  *See* Ky. RCr. 12.02; Ky. CR 76.30(2)(a).

Taking into account the 120 days after his limitations period began to run between August 22, 2007, and December 20, 2007, therefore, Grey had an additional 245 days—or until April 13, 2015—to file a § 2254 motion under the AEDPA.  Grey failed to file his § 2254 Petition until February 1, 2018—nearly 3 years after the one-year statute of limitations expired under the AEDPA.  Once the one-year limitations period has expired, a federal petition can no longer be considered.  Thus, Grey's § 2254 Petition is untimely.

Moreover, to the extent Grey may seek it, Grey has not provided information that would support or suggest equitable tolling, and no basis for equitable tolling of the statute of limitations appears in the record.  The AEDPA statute of limitations is not jurisdictional; therefore, equitable tolling may be permissible in some circumstances.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (citing *Day v. McDonough*, 547 U.S. 198, 205 (2006)).  Equitable tolling permits a court to

toll a statute of limitations when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011). The U.S. Supreme Court has established that a habeas petitioner bears the burden of showing that he is entitled to equitable tolling by demonstrating that both "some extraordinary circumstance stood in his way and prevented timely filing," and "he has been pursuing his rights diligently." *Holland*, 560 U.S. at 649 (internal citations omitted). The Sixth Circuit has stated that district courts should apply equitable tolling "sparingly" and on "a case-by-case basis." *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011) (citations omitted).

Here, Grey does not offer any grounds whatsoever which could trigger the doctrine of equitable tolling. Indeed, Grey fails to address the limitations period at all. The timeliness section on Grey's AO 241 form is completely blank. (*See* R. 1, at 13-14) (leaving blank space below the section marked "TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition"). Nothing in the record suggests that Grey lacked actual or constructive notice of the filing requirement under § 2254, and the Court sees no evidence of reasonable ignorance of the legal requirement to file the claim. Moreover, Grey does not claim— and nothing on the record indicates—that an extraordinary circumstance caused Grey's untimely filing. *See Holland*, 560 U.S. at 649. Without further information meeting the standard articulated above, the Court cannot find a basis for equitable tolling.

Furthermore, while actual innocence provides another ground for equitable tolling of AEDPA's one-year statute of limitations, a habeas petitioner relying on actual innocence to overcome the statute of limitations "must support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts,

8

or critical physical evidence—that was not presented at trial." *Harvey v. Jones*, 179 F. App'x 294, 298 (6th Cir. 2006) (citing *Schlup v. Delo*, 513 U.S. 298 (1995)). Although Grey makes certain—largely undeveloped—suggestions regarding actual innocence, (*see* R. 1), he does not argue for equitable tolling on that ground, and the Court does not perceive, on the current record, a credible claim of actual innocence based upon any new evidence. *See Harvey*, 179 F. App'x at 298. All the evidence Grey appears to rely upon, such as the stray bullet and the testimony of the Government's expert at trial, were already known to him in the lower court proceedings.

Moreover, even if Grey did present new evidence, he cannot establish "actual innocence" for the purposes of equitable tolling. Grey's position in his § 2254 Petition is that he fired 13 rounds into a crowd of people in self-defense. (*See, e.g.,* R. 1-1, at 8). The U.S. Supreme Court has expressly clarified that "the term 'actual innocence' means *factual*, as opposed to *legal*, innocence." *Harvey*, 179 F. App'x at 299 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). *See also Ellis v. Hargett*, 302 F.3d 1182, 1186 n.1 (10th Cir. 2002) (finding that the actual innocence exception did not apply to the petitioner's claim that he is legally innocent because his conduct was justified by the doctrine of self-defense). Because he has cited to no new evidence with which to demonstrate that he is factually innocent of the crime for which he was convicted, Grey has not established that he is entitled to equitable tolling based on actual innocence and his § 2254 Petition should be denied as untimely under the AEDPA.

## IV.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, a district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A certificate may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the

9

requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

In this case, reasonable jurists would not debate the denial of Petitioner Grey's § 2254 Motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability be **denied** upon the District Court's entry of its final order in this matter.

## V.    CONCLUSION AND RECOMMENDATION

For the reasons stated herein, **IT IS RECOMMENDED** as follows:

1.    Petitioner Allen Grey's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (R. 1) be **denied**;

2.    A Certificate of Appealability be **denied** by the District Court in conjunction with the Court's entry of its final order in this matter;

3.    Judgment in favor of the Respondent, Aaron Smith, be entered contemporaneously with the District Court's entry of its final order; and,

4.    This action be **stricken** from the active docket of this Court.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing section 2254 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Signed this 1st day of October, 2018.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\habeas petitions\2254PrelimsSOL\18-47-JMH Grey R&R prelim rev final.docx